## McConway v. McConway

*James M. Schildt,* for Gerald C. McConway.
*Samuel A. Litzenberger,* for Carol D. McConway.

BIESTER, JR., *J.,* April 23, 1986—Presently before us is a petition for declaratory judgment filed by Gerald C. McConway (husband) pursuant to section 206 of the Divorce Code, 23 P.S. §101 et seq., Act 26, 1980. Husband seeks a declaration establishing the invalidity of his marriage to Carol McConway (wife). A hearing was held in this matter before the undersigned on November 22, 1985 and briefs submitted thereafter by both parties. The novel question thus presented for our review is whether a party to a marriage may bypass divorce and annulment proceedings, including the economic divisions provided therein, by pursuing a declaration of invalidity under 23 P.S. §206.

Husband and wife jointly participated in a marriage ceremony at Millbourne, Delaware County, Pa., on May 30, 1981. On May 30, 1984, husband initiated a divorce action against wife in Bucks County, Pa. Shortly after commencing the divorce action, husband filed the instant petition for declaratory judgment.

In support of his petition, husband avers that he recently learned that wife had previously participated in a marriage ceremony in 1956, with a Malcolm A. Tupponce. Husband further avers that there is no evidence that this prior marriage of wife's was

terminated by either divorce or annulment, or the death of Mr. Tupponce. Consequently, husband asserts, his marriage to wife should be declared void ab initio pursuant to section 206. Husband also appears to assert that when a marriage is declared invalid under section 206, no distribution of property or payment of alimony may be ordered.

## DISCUSSION

The statutory basis for husband's declaratory judgment action is located at 23 P.S. §206, which provides:

"Section 206. Proceedings to determine marital status.

"When the validity of any marriage shall be denied or doubted, either or both of the parties to the marriage may bring an action for a declaratory judgment seeking a declaration of the validity or invalidity of the marriage, and, upon due proof of the validity or invalidity thereof, it shall be declared valid or invalid by decree of such court, and, unless reversed upon appeal, such declaration shall be conclusive upon all persons concerned."

The Divorce Code establishes a procedure for annulling marriages which are void or voidable. Section 203 provides that "either party may bring an action in annulment to have [the marriage] declared null and void," and section 204 prescribes the grounds for finding a marriage void. Specifically, we note subsection (a) (1) which provides that a marriage is void "where either party at the time of such marriage had an existing spouse and the former marriage has not been annulled nor has there been a divorce . . . ." Subsection (b) further provides that where a marriage is void under section 204, "the marriage may be annulled as set forth in section 203

[prescribing the Rules of Civil Procedure], or its invalidity may be declared in any collateral proceeding." Finally, we note that under the Divorce Code, the right to property distribution and alimony in an annulment proceeding is coextensive with that permitted in divorce proceedings. See 23 P.S. §401 and 501.

Our survey of the Divorce Code leads us to conclude that there is an apparent conflict in the code regarding the treatment of *invalid* (or *void* and *voidable*) marriages. After establishing an annulment procedure for *void* and *voidable* marriages, and authorizing within such scheme the distribution of property and payment of alimony, the legislature additionally created a declaratory judgment action for *invalid* marriages, to which procedure no such economic rights appear to attach.

In interpreting the apparently conflicting statutory provisions, we are required to give effect to both provisions since the legislature cannot be presumed to have enacted a meaningless statute. We find the annulment provisions, when viewed alone, are clearly applicable to the circumstances described by husband; therefore, we shall initially focus our inquiry on the scope and meaning of section 206.

We begin our analysis by looking to the source for section 206. This section appears to have been derived from section 305 of the Proposed Divorce Code of Pennsylvania, prepared by the Joint State Government Commission. Pennsylvania Matrimonial Practice 1, provides a discussion on the purpose of the declaratory judgment action:

"Section 305 permits a declaratory judgment to determine the validity of a marriage. This reverses the present Pennsylvania practice of denying such relief. By allowing declaratory judgments, this section provides a convenient method to remove any

doubts that might exist as to the status of a marriage. . . . section 305 [of the Proposed Divorce Code] and 23 P.S. §206 permit a decree of invalidity as well as a declaration of validity. As stated in the comment [to section 305]:

" 'This is in order to take care of those rare instances where, without justification, a person holds herself or himself out as the wife or husband of another. The decree, however, is not a substitute for an annulment which is the applicable procedure if there has been an ostensible marriage which is void or voidable under applicable law.'

"Thus, it should be noted that the declaratory judgment is not a substitute for a decree of annulment, which still must be obtained when there has been a void or voidable marriage." Jack A. Rounick, Pennsylvania Matrimonial Practice, Part 1, section 10:2 (1985). (Footnotes omitted.)

While we found only two cases brought under section 206, these cases are consistent with an interpretation that section 206 was not intended to negate in any respect the annulment provisions in the Divorce Code. In DeSanto v. Barnsley, 35 D.&C.3d 7, 328 Pa. Super. 181, 476 A.2d 952 (1984), a male defendant in a divorce action utilized the section 206 process to challenge the validity of his alleged common-law marriage to plaintiff, who was also male. In the second case brought under section 206, the plaintiff-wife sought a declaration that her purported common-law marriage to defendant was valid. Hertz v. Hertz, 23 D.&C.3d 55 (1981). As evidenced by these cases, the procedure prescribed in section 206 is appropriate to deal with a unique set of circumstances, for example, where a declaration of validity is sought, or where an alleged common-law marriage is challenged as invalid. It does not alter the rule that an annulment is required to

invalidate a void or voidable marriage, as defined in sections 204 and 205.

We thus conclude a. declaratory judgment action is an inappropriate means of challenging the validity of the parties' marriage. Husband may not evade the statutory provisions for property distribution and alimony in annulment and divorce actions by bringing an action under section 206.

In light of the foregoing, we render the following

### DECREE NISI

And now, this April 23, 1986, it is hereby ordered, directed and decreed that husband's petition for declaratory judgment pursuant to 23 P.S. §206 is denied and dismissed.